IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CAPITOL INDEMNITY CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 18-916 |
| ) | (Senior Judge Firestone) |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims (RCFC) and the Court's order of February 21, 2020 (ECF No. 36 at 21), the parties respectfully submit the following Joint Preliminary Status Report:

**(a) Jurisdiction**

Plaintiff states that this Court possesses jurisdiction to entertain this action pursuant to the Contract Disputes Act, 41 U.S.C. §§ 7101-7109 and the Tucker Act, 28 U.S.C. § 1491. For the reasons stated in its motion to dismiss the amended complaint, defendant states that jurisdiction is lacking over Capitol's equitable subrogation claim as well as its claim related to the HVAC system. *See* ECF Nos. 24, 26, 34.

**(b) Consolidation**

The parties agree that this case should not be consolidated with any other case.

**(c) Bifurcation**

The parties agree that bifurcation of liability and damages at trial is not necessary.

**(d) Deferral**

The parties agree that further proceedings in this case should not be deferred pending consideration of any other case before this Court or another tribunal.

**(e) Remand/Suspension**

The parties do not at this time intend to seek remand or suspension.

**(f) Joinder**

The parties are unaware of any additional parties that may need to be joined.

**(g) Dispositive Motions**

Whether an additional motion pursuant to RCFC 12(b)(1) or 56 is appropriate may depend on the results of fact discovery. The parties anticipate discussing the appropriateness of a motion for summary judgment at a later time.

**(h) Relevant Factual And Legal Issues**

In addition to the jurisdictional issue defendant identifies above, at this juncture, the parties identify the following as the relevant factual and legal issues:

1. Whether the contracting officer abused her discretion in releasing the ninth progress payment to Redstick.

2. Whether Redstick's assignment of its claims to Capitol was effective such that Capitol may assert its claims related to the HVAC system.

3. Whether the work Capitol performed on the gym floor is compensable under FAR 252.243-7002(a).

4. Whether Capitol may recover pursuant to FAR 52.243-4(d) costs billed to it by a HVAC subcontractor.

5. Whether Redstick released any claim related to the HVAC system, or, alternatively, whether that claim is barred by the doctrine of accord and satisfaction.

**(i) Settlement**

At this time, the parties cannot state whether the case can be settled.  The parties will consider pursuing settlement negotiations as the litigation progresses.

At this time, the parties cannot state whether ADR may be appropriate.  The parties will consider pursuing ADR as the litigation progresses.

**(j) Trial**

Absent settlement or resolution of this case by dispositive motion, the parties anticipate proceeding to trial.  The parties do not request expedited trial scheduling.

The plaintiff requests that any trial in this matter be conducted at the United States Federal courthouse located in Austin, Texas.  Ft. Hood is located between Waco, Texas and Austin, Texas, both having United States courthouses in proximity to Fort Hood, where the events relevant to this lawsuit occurred; however, travel to Austin, Texas is better for all parties.

**(k) Electronic Case Management**

The parties have no special electronic case management needs.

**(l) Additional Information**

There is no additional information which the parties believe that the Court should be informed of at this time.

**Proposed Discovery Plan**

The parties respectfully propose the following discovery schedule:

| EVENT | DATE |
|---|---|
| Parties Exchange Rule 26 Disclosures | April 16, 2020 |
| Close of Fact Discovery and Disclosure of Expert Witnesses (if any) | November 20, 2020 |

| EVENT | DATE |
|---|---|
| Disclosure of Plaintiff's Expert Report (if any) or Joint Status Report if no expert witnesses disclosed | December 18, 2020 |
| Disclosure of Defendant's Expert Report (if any) | January 29, 2021 |
| Close of Expert Discovery (if conducted) | March 12, 2021 |
| Joint Status Report (if parties conduct expert discovery) | April 2, 2021 |

    Respectfully submitted,

s/Ian M. McLin
IAN M. McLIN
by Daniel Greene (with permission)
Langley & Banack
745 E. Mulberry, Suite 700
San Antonio, TX 78212
Tel: (210) 736-6600
Fax: (210) 735-6889
imclin@langleybanack.com

*Attorneys for Plaintiff*

March 17, 2020

JODY H. HUNT
Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

s/Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/Daniel Greene
DANIEL GREENE
Trial Attorney
Commercial Litigation Branch
Civil Division
P.O. Box 480
Ben Franklin Station
Tel: (202) 616-0342
Fax: (202) 305-7644
daniel.k.greene@usdoj.gov

*Attorneys for Defendant*

March 17, 2020